UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jami G., | Civ. No. 23-1738 (PAM/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on the parties' cross-Motions for judgment on the administrative record. For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Jami G.[1] filed an application for disability insurance benefits on December 17, 2020. (Admin. R. (Docket No. 7) at 162, 378.) Plaintiff alleges that she became disabled in July 2020, as a result of borderline personality disorder, post-traumatic stress disorder ("PTSD"), anxiety, depression, attention-deficit hyperactivity disorder ("ADHD"), and asthma. (Id. at 171, 417.)

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  Id. § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled.  20 C.F.R. § 416.920(a)(4).  At step one, the claimant must establish that she is not engaged in any "substantial gainful activity."  Id. § 416.920(a)(4)(i).  If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two.  Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1.  Id. § 416.920(a)(4)(iii).  If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work.  Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065,

1069 n.5 (8th Cir. 2000).  If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. (Admin. R. at 162, 188.)  In July 2022, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on Plaintiff's application.  Plaintiff testified at this hearing and was represented by an attorney.  (Id. at 94-141.)  After the hearing, the ALJ determined that Plaintiff had several severe impairments: depressive disorder, substance use disorder, anxiety disorder, PTSD, and paranoid disorder.  (Id. at 61.)  The ALJ found, however, that none of Plaintiff's impairments met or medically equaled any listed impairments.  (Id. at 62-63.)   She then determined that Plaintiff had the capacity for a full range of work with non-exertional limitations such as only occasional interactions with coworkers and the public, and that Plaintiff would be limited to understanding, remembering, and carrying out only simply instructions.  (Id. at 64.)  The ALJ also determined, however, that Plaintiff would be absent from work more than two days per month because of her substance use disorder.  (Id. at 64, 68.)  As a result, the ALJ determined that during periods of substance abuse, there were no jobs Plaintiff could perform.  (Id. at 68.)

Because the Social Security Act does not consider drug addiction or alcoholism, standing alone, to be disabling impairments, the ALJ was required to determine whether

3

Plaintiff would still be disabled if she stopped using drugs or alcohol.  See 42 U.S.C. §§ 223(d)(2)(C), 1614(a)(3)(J); see also 20 C.F.R. § 404.1535(b)(1).  The ALJ thus evaluated whether Plaintiff's severe mental-health impairments would preclude her from working if she maintained sobriety.  (Id. at 68-71.)  The ALJ concluded that, although Plaintiff would be subject to the same non-exertional limitations, Plaintiff would not miss two days of work per month if she was sober.  (Id. at 71-72.)  Without that absenteeism, the ALJ determined that there were jobs Plaintiff could perform, and therefore found that Plaintiff was not disabled.  (Id. at 74.)  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed.  See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**DISCUSSION**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole."  McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence . . . is more than a mere scintilla."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  This "threshold . . . is not high."  Id.  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision."  Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

4

Plaintiff points to several alleged errors in the ALJ's reasoning. First, she asserts that the ALJ conducted an insufficient analysis of whether her impairments met the requirements of paragraph C of the mental-health Listings. Next, she contends that substantial evidence did not support the ALJ's conclusion that she would be able to work during periods of sobriety, because there was no evidence in the record that she ever maintained substantial periods of sobriety. Finally, she takes issue with the ALJ's decision that an assessment of her substance use disorder was not entitled to persuasive weight in the analysis. She also asks that the Court take into account new evidence that, she asserts, would have changed the outcome if the ALJ had reviewed it.

**A.    New Evidence**

The ALJ's decision on Plaintiff's application issued in early October 2022. In late October 2022, Plaintiff entered a residential treatment program. She was reported to be making good progress in the program until she relapsed on December 19, 2022. Plaintiff submitted this evidence to the Appeals Council, which determined that the evidence was not admissible because it concerned the period after the ALJ's decision.

Plaintiff urges the Court to take this evidence into account, arguing that it substantiates her argument that her substance-use disorder did not abate for any length of time during the time period the ALJ reviewed. The Court has considered whether this evidence would have changed the ALJ's conclusion. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994) ("Once it is clear that the Appeals Council has considered newly submitted evidence . . . [the Court's] role is limited to deciding whether the [ALJ's] determination is supported by substantial evidence on the record as a whole, including the

new evidence submitted after the determination was made."). Evidence that Plaintiff relapsed after treatment in December 2022 does not "relate[] to the period on or before the date of the hearing decision," and thus there is no "reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). Remand for further agency consideration of this evidence is not required.

**B.     Paragraph C**

The mental-health Listings require a claimant to establish certain criteria, known as the paragraph A, B, and C criteria. As relevant here, Plaintiff would be presumptively disabled if she meets the criteria in paragraph A and paragraph C. Paragraph C

> provides the criteria [used] evaluate "serious and persistent mental disorders." To satisfy the paragraph C criteria, your mental disorder must be "serious and persistent"; that is, there must be a medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2.

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00.A.2.c. For example, Listing 12.04, titled "Depressive, bipolar and related disorders," requires for paragraph C that a claimant

> have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

Id. § 12.04.C. The paragraph C requirements for the other listings that apply to Plaintiff's mental-health impairments are substantively the same, although Listing 12.08, "Personality

6

and impulse-control disorders," does not contain any paragraph C requirements.

Plaintiff contends that the ALJ did not sufficiently consider whether she met the criteria in paragraph C of the Listings, arguing that the evidence established that she had persistent mental illness even in the absence of her substance-abuse disorder and thus that she met the paragraph C factors. But the ALJ's thorough discussion of the medical records shows full consideration of Plaintiff's mental impairments. The ALJ determined that Plaintiff's frequent stays in the hospital, inpatient programs, or even jail were caused by her drug addiction and alcoholism, not by her mental-health issues, and this determination is supported by substantial evidence in the record as a whole.

C.  **Plaintiff's RFC**

Plaintiff asserts that the ALJ could not properly have evaluated whether Plaintiff could maintain employment if sober because there were no significant periods of sobriety in the medical records from which to make that judgment. She points out that there is no "research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol." Soc. Sec. Ruling 13-2p., Titles II & XVI: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA), 2013 WL 621536, at *9 (S.S.A. Feb. 20, 2013). Thus, the ALJ may only rely on "evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of" drug or alcohol abuse. Id.

The evidence in the record, however, shows that Plaintiff maintained sobriety for a period of several months in the summer of 2020. (Admin. R. at 627 (in August 2020,

Plaintiff reported that she had not used methamphetamine since a visit to the emergency room in March 2020).)  During this several-month period, Plaintiff's mental-health providers noted that she was "calm, controlled, [and] cooperative," had normal speech, attention, and concentration, as well as a neutral mood and no abnormal perception.  (Id. at 627-28).  The record also shows no hospitalizations or inpatient mental-health treatment during this period.  Compare Soc. Sec. Ruling 13-2p, 2013 WL 621536, at *13 (noting that "a record of multiple hospitalizations, emergency department visits, or other treatment for the co-occurring mental disorder—with or without treatment for DAA—is an indication that DAA may not be material").  And even when Plaintiff was using methamphetamine or other substances, her mental-health providers consistently noted Plaintiff's cooperative attitude, normal mood and attention, and intact insight, judgment, and memory.  (Admin. R. at 642, 653, 742.)

The only difference in Plaintiff's sober and non-sober RFC is that she would miss more than two days of work per month if she was using drugs or alcohol.  The ALJ properly considered Plaintiff's relatively normal mental-status examinations during periods of sobriety and substance use, and the fact that she was not hospitalized for mental-health issues when sober, in determining that Plaintiff's substance-use disorder was material to her disability.  Substantial evidence supports the ALJ's conclusion that, without substance abuse, Plaintiff would not be disabled.

D.      **Rule 25**

In December 2020, Plaintiff underwent a Rule 25 assessment, which is an assessment Minnesota law requires for individuals seeking drug- or alcohol-abuse

8

treatment. (Admin. R. at 836-50.) The ALJ stated that Plaintiff's attorney had identified this assessment "as an opinion" but that the assessment was not persuasive in part because it was "based upon the claimant self-reporting with not objective findings." (Id. at 73.) Plaintiff contends that it was error for the ALJ to reject the Rule 25 assessment because mental-health impairments can only be based on an individual's self-reporting.

But the ALJ also noted that the assessment "generally concludes the claimant is fully functional." (Id.) Indeed, the assessment stated repeatedly that she "displays full functioning." (Id. at 838, 839.) The ALJ did not reject the assessment out of hand, as Plaintiff argues, but rather determined that it did not support Plaintiff's claim that she was disabled even without substance abuse. The ALJ's determinations regarding the Rule 25 assessment are not erroneous.

**CONCLUSION**

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Judgment (Docket No. 9) is **DENIED**; and

2. Defendant's Motion for Judgment (Docket No. 14) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   December 4, 2023                         s/Paul A. Magnuson
                                                 Paul A. Magnuson
                                                 United States District Court Judge

9